UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WANDA JOHNSON, individually, and PATRICK
JOHNSON, an Infant, by his M/N/G/ WANDA
JOHNSON,

                              Plaintiffs,

                -against-

CITY OF NEW YORK, ERIC REYNOLDS, JOSEPH
PETRILLO, and JOHN and JANE DOES 1 through 10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                             Defendants.
------------------------------------------------------------X

**ANSWER**

08 CV 00512 (TPG)

JURY TRIAL DEMANDED

        Defendants City of New York, Eric Reynolds and Joseph Petrillo, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit.

8. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint with regard to the John Doe and Jane Doe defendants, except admit that on or about October 21, 2006, Eric Reynolds and Joseph Petrillo were New York City police officers.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18 of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiffs were arrested and handcuffed on October 21, 2006.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint, including all subparts therein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that documents purporting to be "Notice of Claim" were received by the New York City Comptroller's Office on or about January 17, 2007.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that a document purporting to be a "Notice of Claim" was received by the New York City Comptroller's Office on or about January 17, 2007, and that no payment has been made by defendant City of New York.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that documents purporting to be "Notice of Claim" were received by the New York City Comptroller's Office on or about January 17, 2007.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that documents purporting to be "Notice of Claim" were received by the New York City Comptroller's Office on or about January 17, 2007.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

81. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

82. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83. Any injuries alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and were not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84. There was probable cause and/or reasonable suspicion for the plaintiffs' search, arrest and/or detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85. There was probable cause for plaintiffs' prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86. Plaintiffs cannot obtain punitive damages against the City of New York.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

87. Defendants Eric Reynolds and Joseph Petrillo have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

88. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

89. Plaintiffs failed to comply with GML §50-e and 50-i

**WHEREFORE**, defendants City of New York, Joseph Petrillo and Eric Reynolds request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 18, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendants*
                                100 Church Street, Rm. 3-199
                                New York, New York 10007
                                (212) 788-1106

                   By: _____
                                CAROLINE CHEN
                                Assistant Corporation Counsel

cc:    Brett Harris Klein, Esq. (by ECF and first class mail)
       *Attorney for Plaintiffs*
       45 Main Street, Suite 230
       Brooklyn, NY 11201

Index No. CV 08 CV 00512 (TPG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WANDA JOHNSON, individually, and PATRICK JOHNSON, an Infant, by his M/N/G/ WANDA JOHNSON,

Plaintiffs,

-against-

CITY OF NEW YORK, ERIC REYNOLDS, JOSEPH PETRILLO, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-199*
New York, New York 10007

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-*

*Due and timely service is hereby admitted. New York, New York      , 2008 . . .*

.................................................. *Esq.*

*Attorney for* .......................................................

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on April 18, 2008, I caused to be served the **ANSWER**, upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Brett H. Klein, Esq.
*Attorney for Plaintiffs*
45 Main Street, Suite 230
Brooklyn, New York 11201

Dated:   New York, New York
April 18, 2008

_____
CAROLINE CHEN

1